IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ROY CHESTER JOHNSON | § | |
| VS. | § | CIVIL ACTION NO. 1:06cv734 |
| TEXAS BOARD OF CRIMINAL JUSTICE, ET AL. | § | |

MEMORANDUM OPINION AND ORDER

Plaintiff Roy Chester Johnson, an inmate confined at the Ellis Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, brings this civil rights lawsuit pursuant to 42 U.S.C. § 1983.

Factual Background

Plaintiff complains that he was denied due process and equal protection of the laws concerning the administrative revocation of his parole. On July 19, 2005, plaintiff claims the revocation process began based on false hearsay allegations made by four residents of the halfway house in which he resided. Plaintiff claims the residents were aided by defendant Guy Whitford, the halfway house monitor supervisor. Plaintiff alleges defendant Whitford falsely alleged plaintiff had committed an administrative release violation which resulted in the issuance of a warrant for his arrest and the subsequent revocation of his release on parole.

Standard of Review

An in forma pauperis proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir.2005); *McCormick v. Stalder*, 105 F.3d 1059, 1061

(5th Cir.1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Id*, 127 S.Ct. at 1974. Plaintiffs must state enough facts to "nudge[] their claims across the line from conceivable to plausible." *Id.*

In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). However, conclusory allegations will not suffice to prevent dismissal for failure to state a claim. *Id.*

<u>Analysis</u>

In order to recover damages for allegedly unconstitutional convictions or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the imprisonment or its duration has been reversed on direct appeal, expunged by executive order, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87. A claim for damages based on a conviction or sentence that has not been so invalidated does not state a cause of action. The principle that civil tort actions are not appropriate vehicles for challenging actions relating to the validity of confinement applies to lawsuits that necessarily require the plaintiff to prove the unlawfulness of the duration of his confinement. *Id*. at 487.

As a result, when a state prisoner seeks damages in a civil rights lawsuit, the court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of the

duration of plaintiff's confinement. If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the proceeding relating to the duration of his confinement has already been invalidated. *Id.* If, however, the court determines that the plaintiff's action, even if successful, would not demonstrate the invalidity of the duration of plaintiff's confinement, the action should be allowed to proceed, in the absence of any other bar to the suit. *Id.*

In this lawsuit, plaintiff asserts that the revocation of his parole was improper. A finding in plaintiff's favor would imply that plaintiff's confinement was invalid. Accordingly, plaintiff would be entitled to proceed with this claim only if the *Heck* requirements regarding a prior finding as to the invalidity of the parole revocation proceeding were satisfied. In response to a questionnaire propounded by the court, plaintiff responded that the parole revocation which forms the basis of this complaint has not been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. As the *Heck* requirements have not been satisfied with respect to the revocation, *Heck* bars him from proceeding with this claim. Accordingly, plaintiff's complaint should be dismissed for failing to state a claim upon which relief may be granted.

## O R D E R

For the reasons set forth above, plaintiff's complaint should be dismissed for failing to state a claim upon which relief may be granted. A final judgment will be entered in this case in accordance with this memorandum.

**SIGNED** this the **22** day of **February, 2010.**

_____
Thad Heartfield
United States District Judge